# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2013

Lyle W. Cayce
Clerk

No. 12-30908
Summary Calendar

KENNETH SPRADLEY,

Plaintiff-Appellant

v.

J. TIRCUIT, Warden; UNKNOWN CHILDS, Ex. Captain; CRAIG WHITE,
Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-378

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kenneth Spradley, Louisiana prisoner # 101526, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Spradley's claims against Major Carl Thomas and Lieutenant Donald Johnson were dismissed for failure to state a claim. His claims against Warden J. Tircuit and Captain Childs were dismissed without prejudice for failure to serve the defendants. Spradley does not challenge the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's dismissal of his claims against Thomas and Johnson. Nor does he challenge the dismissal without prejudice of his claims against Tircuit and Childs. Therefore, any challenge to these rulings is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to Spradley's claims against Craig White, the district court granted summary judgment for White based on qualified immunity and dismissed the complaint. The district court denied Spradley's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Spradley's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Spradley argues that the district court erred in granting summary judgment in favor of White. He contends that in granting summary judgment, the district court impermissibly made credibility determinations. He further asserts that the facts are in dispute and that the disputed issues involve material facts.

This court reviews de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Contrary to Spradley's assertion, the district court did not make a credibility determination. Rather, the district court addressed the facts alleged as disputed by Spradley, and evaluated the facts as if they were true. Viewing the facts in the light most favorable to Spradley, there was no evidence to show that White was aware of any prior acrimony between the two inmates. Based on the pleadings, affidavits, and other evidentiary documents, the district court determined that the facts in dispute were not material because they did not show that White knew and disregarded an excessive risk to Spradley's safety. *See Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). Because the disputed

facts would not affect the outcome of the suit, the district court did not err in granting the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Spradley has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Spradley has two previous strikes. *Spradley v. Batiste*, No. 96-22-B-1 (M.D. La. Jan. 31, 1996); *Spradley v. Andrews*, No. 04-30803 (June 21, 2005). Spradley has now accumulated three strikes; therefore, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.